**BEMAN, Regional Director, et al. v. IOWA MFG. CO.**

**No. 10631.**

Circuit Court of Appeals, Eighth Circuit.

May 5, 1937.

Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, National Labor Relations Board, of Washington, D. C., John J. Babe, of New York City, Harold A. Cranefield, of Chicago, Ill., and Philip Levy and Jerome I. Macht, Attys., National Labor Relations Board, both of Washington, D. C., on the brief), for appellants.

J. M. Grimm, of Cedar Rapids, Iowa (O. N. Elliott, V. C. Shuttleworth, T. M. Ingersoll, and B. T. Perrine, all of Cedar Rapids, Iowa, on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

This is an action to enjoin a hearing before an agent of the National Labor Relations Board and for a declaratory judgment declaring the National Labor Relations Act (49 Stat. 449 [29 U.S.C.A. §§ 151–166]) to be invalid. The matter was presented on the application for a temporary injunction under the allegations of the verified amended petition and a motion of one defendant to dismiss the petition. From an order granting a temporary injunction this appeal is brought.

The assignments of errors present two broad issues here: The jurisdiction of equity in a situation of this character and the validity of the act. At the time this case was submitted this court was advised that the Supreme Court would shortly consider a series of cases involving the validity of the act. In view of that situation, we deemed it wise to hold this case under submission until the Supreme Court should determine those cases as such determination might announce principles decisive of this case.

The Supreme Court has now acted. The case of National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S. Ct. 615, 81 L.Ed. ——, has determined the validity of the act. The principles announced therein are applicable to this case and are controlling.

We do not examine the issue here as to the existence of equitable jurisdiction. Even if such jurisdiction exists, the order must be reversed upon the issue of validity of the act. This disposition of the appeal makes it unnecessary to rule motions filed in this court respecting the record in this court.

The order granting a temporary injunction is reversed and the case remanded, with instructions to set aside such order and to dismiss the cause, at the costs of the plaintiff.